UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| O.C.E.A.N., INC.,<br><br>Plaintiff,<br><br>v.<br><br>STONEHURST ASSOCIATION, INC. *et al.*,<br><br>Defendants. | Civil Action No. 20-7878 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Defendants Stonehurst Association, Inc. and Association Advisors NJ, LLC's (collectively, "Defendants") Motion to Enforce Settlement. (ECF No. 17.) Plaintiff O.C.E.A.N., Inc. opposed (ECF No. 18), and Defendants replied (ECF No. 19). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Defendants' Motion.

Plaintiff originally filed its complaint in New Jersey Superior Court in Monmouth County, alleging that Defendants violated various state and federal laws. Plaintiff alleges that these violations stem from its ownership of several units within a condominium that Defendants manage and govern. Thereafter, Defendants removed the action to federal court. Several months later, the parties entered into a settlement agreement. (ECF No. 15.) Accordingly, on February 17, 2021, the Court ordered the parties to file all papers necessary to dismiss this action within sixty days or the Court would dismiss the action with prejudice and without costs. (*Id.*) The parties did not file anything in that period. So, on April 22, 2021, this Court ordered the Clerk of the Court to reopen the case and subsequently dismiss the action with prejudice and without costs under Federal Rule of Civil Procedure 41(a)(2). (ECF No. 16.) More than two months later, Defendants filed the

instant Motion, alleging that Plaintiff refused to sign the agreement. For the following reasons, the Court lacks jurisdiction to resolve this dispute.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Enforcement of a settlement agreement requires its own basis for jurisdiction. *See id.* at 378 ("Enforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). Defendants' Motion asks the Court to enforce a settlement agreement, for which there is no apparent basis for federal jurisdiction. *See id.* at 382 ("Absent [retention of jurisdiction in the dismissal order], enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 504 (3d Cir. 2002) (determining that because the terms of the settlement agreement were not made part of the order of dismissal, the district court lacked subject matter jurisdiction); *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141-42 (3d Cir. 1993) (citing *Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 996 (6th Cir. 1987); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir. 1985)) ("unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement.").

Defendants filed the instant Motion well after the Court ordered the parties to file their papers of dismissal. The Court previously emphasized to the parties that it would dismiss this action with prejudice absent hearing anything further regarding the settlement. Consequently, at the expiration of sixty days, the Court dismissed the case and relinquished jurisdiction over the action. Defendants attempt to skirt around the Court's lack of jurisdiction by arguing that the April 22 Order of Dismissal "demonstrates the Court's intent that this matter remain open and that the

Court retain its subject matter jurisdiction" because the Order directed the Clerk of the Court to reopen the civil case. (Defs.' Moving Br. 8, ECF No. 17-2.) Defendants are mistaken. As is customary, the Court directed the Clerk to reopen the case to enter its Order *dismissing this matter with prejudice*. Any other interpretation of the Court's Order is inaccurate.

Therefore, if Defendants seek to enforce the settlement agreement, they must bring their action in a court that has jurisdiction. If Defendants intend to file in federal court, they must demonstrate that jurisdiction is proper. Accordingly,

**IT IS** on this 18th day of February, 2022 **ORDERED** that:

1. Defendants' Motion to Enforce Settlement Agreement (ECF No. 17) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**